IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>vs.<br><br>ARNOLODO CEBALLOS-LEPE, a/k/a FABIAN HERNANDEZ-VILLA,<br><br>                Defendant,<br><br>ROSA GUILLERMINA CEBALLOS,<br><br>                Petitioner. | **MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF UNITED STATES' MOTION TO DISMISS AND DENYING PETITIONER CEBALLOS' MOTION FOR LEAVE TO AMEND**<br><br>Case No. 2:12CR00662-DN-EJF<br><br>Judge David Nuffer<br><br>Magistrate Evelyn J. Furse |

Plaintiff United States of America has moved to dismiss the petition of Rosa Guillermina Ceballos in this ancillary proceeding.[1] Petitioner Ceballos has moved to amend her petition.[2] The Government argues that the petition should be dismissed because it failed to comply with the pleading requirements of 21 U.S.C. § 853(n)(3) and because petitioner Ceballos lacks standing since she has no specific legal interest in the property subject to forfeiture under 21 U.S.C. § 853(n)(2). The Government further argues that any amendment would be futile.[3]

For the reasons set forth herein, the United States' motion for dismissal is GRANTED and Petitioner Ceballos' motion to amend is DENIED.

---

[1] Plaintiff United States of America's Motion to Dismiss the Petition of Rosa Guillermina Ceballos (Mot. to Dismiss), ECF No. 46, filed July 12, 2013.

[2] Petitioner Ceballos' Motion For Leave to Amend Petition, ECF No. 57, filed August 19, 2013.

[3] Mot. to Dismiss at 6-9.

## FACTUAL BACKGROUND

On September 20, 2012, law enforcement officers arrested Arnolodo Ceballos-Lepe after he arranged to sell one pound of methamphetamine to an undercover officer. At the time of his arrest, officers seized $1,659 from him. Officers also arrested Mr. Ceballos-Lepe's accomplice and seized one pound of methamphetamine and $2,190 from the car the accomplice was driving (which had also been driven at times by Mr. Ceballos-Lepe).

Officers obtained search warrants for two homes where Mr. Ceballos-Lepe resided. In one home, they found $15,000 buried in a basement crawl space, along with 1.5 pounds of methamphetamine. In another home they found cash totaling $43,950 hidden in various locations throughout the house (such as a kitchen cabinet, a sunglasses case, in garbage cans below liners, and under a bathroom sink). Officers also found three pay/owe sheets showing the amount of drugs received and amounts of money paid or owed.

On October 24, 2012, a federal grand jury returned an indictment charging Mr. Ceballos-Lepe with Possession of Methamphetamine with Intent to Distribute, in violation of 21 U.S.C. § 841(a)(1), (Count I).[4] On May 17, 2013, Mr. Ceballos-Lepe pleaded guilty to this charge, and he agreed to forfeit the proceeds he obtained as a result of his drug distribution.[5] Specifically, he agreed to forfeit the $1,659 seized from his person, the $2,190 seized from the car, the $15,000 seized from one of his residences, the $43,950.00 seized from his other residence, the car from which drugs and money were seized (a 1998 Acura, VIN# JH4UA2650WC007176), and the

---

[4] Indictment, ECF No. 1, filed Oct. 24, 2012.

[5] Statement in Advance of Plea of Arnoldo Ceballos-Lepe, ECF No. 37, filed May 17, 2013.

motorcycle Mr. Ceballos-Lepe drove to complete the drug sale (a blue and white Suzuki 1200, Utah temporary tag P001772252).

On May 30, 2013, the United States moved[6] to forfeit this property, and the Court entered an Order of Forfeiture[7] on the same day. This order provided, among other things, that those who claimed an interest in the property forfeited by Mr. Ceballos-Lepe could file a petition to adjudicate his or her claimed interest, as set forth in 21 U.S.C. § 853.

On June 3, 2013, the United States sent notice of the forfeiture action to Petitioner Ceballos, through her attorney, along with a copy of the forfeiture order. The judgment explained how a third party asserts an interest in criminally forfeited property. On June 28, 2013, Petioner Ceballos's attorney filed a Petition Asserting Legal Interest on Behalf of Ceballos.[8] This petition, however, was not signed by Petitioner Ceballos, but only by her attorney.

Petitioner Ceballos claims that she is entitled to some portion of the forfeited funds because in September 2011, she loaned 400,000 pesos to Mr. Ceballos-Lepe. She does not assert an ownership or security interest in any of the specific property subject to forfeiture. Her loan agreement with the Defendant, however, appears to grant her a security interest in property in Mexico, and the United States has not sought forfeiture of this Mexican property.[9]

---

[6] Motion for Forfeiture of Property, ECF No. 39, filed May 30, 2013.
[7] ECF No. 40.
[8] ECF No. 42.
[9] ECF No. 42, Ex. A.

On August 19, 2013, Ceballos filed a motion for leave to amend her petition with the proposed amended petition.[10] In her amended petition Ceballos identified the specific property she was claiming as the $43,950 seized from the defendant's residence.[11]

## STANDARD OF REVIEW

Ancillary proceedings are governed by Fed. R. Crim. P. 32.2. Rule 32.2(c)(1)(A) permits a court to dismiss petitions prior to any hearing on the merits for lack of standing or failure to state a claim. Such a motion is treated like a motion under Federal Rule of Civil Procedure 12(b): all allegations in the petition are assumed to be true, and the petition may be dismissed only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the petitioner's allegations. Fed. R. Crim. P. 32.2(c)(1)(A); *Pacheco v. Serendensky*, 393 F.3d 348, 352 (2d Cir. 2004); *United States v. White*, 779 F.Supp.2d 984, 988 (D. Minn. 2011).

## ANALYSIS

As a preliminary matter, the government argues that Ceballos' petition failed to comply with the pleading requirements of 21 U.S.C. § 853(n)(3). The court acknowledges that the standards in § 853(n)(3) are not simply technical requirements, but are construed strictly to discourage false or frivolous claims. *United States v. Ginn*, 799 F.Supp.2d 645, 647 (E.D. La. 2010). *See also United States v. Burge*, 829 F.Supp.2d 664, 667 (C.D. Ill. 2011) ("Federal courts require strict compliance with the pleading requirements of § 853(n)(3) primarily because there is a substantial danger of false claims in forfeiture proceedings.") (citations omitted). While it is

---

[10] ECF No. 57; ECF No. 57-1.

[11] ECF No. 57-1 at 1-3.

clear that Petitioner Ceballos's original petition failed to satisfy the standards in § 853(n)(3), the court need not decide this matter on that issue. Regardless of the form of Ms. Ceballos's petition or her proposed amended petition, she cannot satisfy the standing requirements of 21 U.S.C. § 853(n)(2).

In addition to satisfying the pleading standards, the petitioner has the burden of demonstrating her standing in this ancillary proceeding. *United States v. Cambio Exacto, S.A.*, 166 F.3d 522, 526 (2d Cir. 1999); *United States v. Brinton*, 880 F.Supp.2d 1158, 1159-60 (D. Utah 2012). "If a third party fails to allege in its petition all elements necessary for recovery, including those relating to standing, the court may dismiss the petition without providing a hearing." *Brinton*, 880 F.Supp.2d at 1159-60 (quoting *United States v. BCCI Holdings*, 919 F.Supp. 31, 36 (D.D.C. 1996)).

Not every creditor of a criminal defendant has standing to pursue a claim in an ancillary proceeding. "Congress did not intend § 853(n) to serve as a vehicle by which all innocent third parties who are aggrieved by an order of criminal forfeiture can petition for judicial relief." *Brinton*, 880 F.Supp.2d at 1160 (quoting *United States v. Lavin*, 942 F.2d 177, 185 (3rd Cir. 1991). Instead, a person must assert a "legal interest in the property which has been ordered forfeited." 21 U.S.C. § 853(n)(2). Recognized "legal interests" in an ancillary proceeding, however, are very limited. "Congress intended only to accord standing to two narrow [categories] of third parties identified in 21 U.S.C. § 853(n)(6)." *Brinton,* 880 F.Supp.2d at 1160 (internal quotations removed). Those two categories are those who can (A) show that their "legal interest in the property [was] superior to the defendants at the time the interest of the United States vested through the commission of the act giving rise to forfeiture;" or (B) that they

were a "bona fide purchaser for value without knowledge of the forfeitability of the defendant's assets." *Id.* (quoting *United States v. Campos*, 859 F.2d 1233, 1239 (6th Cir. 1988)).

In either case, the petitioner must show "an interest in a particular, specific asset as opposed to a general interest in an entire forfeited estate or account." *United States v. Ribadeneira*, 105 F.3d 833, 836 (2nd Cir. 1997). "General, unsecured creditors lack a particularized claim in specific assets." *United States v. Speed Joyeros, S.A.*, 410 F.Supp.2d 121, 125 (E.D.N.Y. 2006). As a result, they lack standing to pursue claims regarding forfeited property in an ancillary proceeding. *Id.* For example, in *United States v. Watkins*, 320 F.3d 1279, 1281 (11th Cir. 2003), a criminal defendant was convicted of drug distribution and the United States sought forfeiture of $68,380 in currency seized from his home at the time of his arrest. Three individuals filed a claim to this currency in an ancillary proceeding, arguing that they were entitled to the cash because they had provided this money to the defendant to purchase automobiles and for business use. *Id.* The district court dismissed these petitions, finding that these individuals were merely unsecured creditors. *Id.* The appellate court affirmed, in part because the claimants were unsecured creditors who "possessed no 'attached' security interest in the funds they gave to him." *Id.* at 1282. This result is consistent with the majority rule in such cases. *See, e.g., Ribadeneira*, 105 F.3d at 836 (general unsecured creditors without an identifiable legal interest in the particular assets subject to forfeiture lack standing to pursue claim in ancillary proceeding); *Campos*, 859 F.2d at 1238 (same) *United States v. BCCI*

*Holdings (Luxembourg), S.A.*, 46 F.3d 1185, 1191-92 (D.C. Cir. 1995) (same); *United States v. Madoff*, No. 09-cr-213, 2012 WL 1142292, *4 (S.D.N.Y. Apr. 3, 2012) (same).[12]

Ms. Guillermina Ceballos lacks standing because she has not identified a legal interest in the particular property subject to forfeiture. Nor has she specified in her petition whether her interest comes under § 853(n)(6)(A) or (6)(B). *See United States v. Hailey*, 924 F. Supp. 2d 648, 2013 WL 632246, *6 (D. Md. 2013) (claimant must plead sufficient facts showing entitlement to relief under 21 U.S.C. § 853(n)(6)(A) or (B) to survive a motion to dismiss; conclusory allegations are insufficient). Petitioner fails to cite any Utah law giving her even a possibility of any right, much less title, to the forfeited funds. *See United States v. White*, 675 F.3d 1073, 1078 (8th Cir. 2012) (a court looks to the law of the jurisdiction that created the property right to determine if Petitioner's claim is the type of legal interest recognized by § 853(n)(2)).

Petitioner Cebellos's proposed amended petition shows that she is a general creditor without a specific interest in the property ordered forfeit. She loaned Mr. Ceballos-Lepe pesos, not dollars, so she cannot claim an interest in the dollars subject to forfeiture. Indeed, a petitioner typically cannot claim a specific interest in dollars because they are fungible, and a

---

[12] The minority view is found in a case from the Fourth Circuit: *United States v. Reckmeyer*, 836 F.2d 200, 206 (4th Cir. 2001). The Fourth Circuit held that unsecured creditors might have standing if the defendant's entire estate has been forfeited. *Reckmeyer*, however, has been criticized as "patently at odds with the statutory scheme . . " because it ignores the requirement that the claimant have a specific legal interest in the forfeited property and because parties without an interest in specific property have the right to seek relief from the Attorney General, not the court adjudging the forfeiture. *BCCI Holdings*, 46 F.3d at 1191-92. *Reckmeyer* has even been limited by the Fourth Circuit, which later made clear that unsecured creditors do not have standing if defendant's entire estate is not forfeited. *United States v. Schecter*, 251 F.3d 490, 496 (4th Cir. 2001). Here, it appears that the defendant's entire estate was not forfeited, since he still has property in Mexico that is not subject to forfeiture, so the *Reckmeyer* ruling would not apply.

petitioner cannot identify the specific dollars in which she claims an interest: "[u]nlike purchasers of specific antique coins or earmarked out-of-print bills, petitioners here can point to no particular asset and call it their own." *Ribadeneira*, 105 F.3d at 836 (internal citations omitted). Even if Ceballos could directly trace[13] the dollars found in the defendant's residence to her Mexican loan her claim still fails. This is because a person who loans money, absent a security interest in those specific funds, transfers possession, control, and title in loaned funds to the borrower. *See, e.g.*, *Watkins*, 320 F.3d at 1283-84 (general creditors only interest is in the estate of a debtor as a whole because they don't have a security interest in a specific asset); *United States v. $7,500.00 in U.S. Currency*, 2:12-CV-1081, 2013 WL 1867532, *1 (D. Utah May 3, 2013) (unpublished) (claimant could not show possession, control, title, or financial stake sufficient for standing where claimant left funds at another's home as part of a loan transaction). As shown by the above citations, without such specific possession, control, or title in the property subject to forfeiture a petitioner lacks standing under § 853(n) to bring a claim in this ancillary proceeding.

---

[13] Ceballos attempts to trace the funds using testimony of the defendant. Even if such tracing helped petitioner's cause the court views such evidence with skepticism because the defendant admitted as part of his plea that these funds were the proceeds of his methamphetamine distribution. Specifically, in his guilty plea prepared with the assistance of counsel, defendant Ceballos-Lepe represented to the Government and the Court: "I acknowledge that all property covered by this agreement [including the $43,950 that Petitioner now seeks] is subject to forfeiture as property involved in illegal conduct giving rise to forfeiture." Statement in Advance of Plea, ¶ 12(a)(3)(d), ECF No. 37. This admission formed the factual basis for the Court's Order of Forfeiture. This finding of forfeitability is not subject to review as part of this ancillary proceeding: "a third party has no right to challenge the preliminary order's finding of forfeitability; rather, the third party is given an opportunity during the ancillary proceeding to assert any ownership interest that would require amendment of the order." *United States v. Andrews*, 530 F.3d 1232, 1236-37 (10th Cir. 2008).

Because she cannot claim an interest in any specific asset subject to forfeiture, her position with respect to these assets is that of a general, unsecured creditor, without standing to pursue a claim in this proceeding. Since neither the original petition, nor the amended one satisfy the standing requirements of § 853(n) it is futile to allow an amendment and the original petition should be dismissed.[14]

## ORDER

IT IS HEREBY ORDERED that the United States' motion to dismiss[15] is GRANTED and Petitioner Ceballos's motion to amend[16] is DENIED. Petitioner Ceballos's petition in this ancillary proceeding is DISMISSED WITH PREJUDICE.

Signed October 10, 2013.

BY THE COURT

David Nuffer
United States District Judge

---

[14] Though without standing in this case, Ceballos still has potential remedies to recover the amount she loaned to the defendant. Her loan agreement gives her a security interest in property located in Mexico. That property is not subject to forfeiture, and she can pursue whatever rights she may have on that property. In addition, if Mr. Ceballos-Lepe has failed to repay the loan, she may have a claim for breach of contract against him. Finally, pursuant to 21 U.S.C. § 853(i), she may be able to petition the Attorney General and seek to have funds applied to her loan. *See United States v. Mageean*, 649 F.Supp. 820, 823 (D. Nev. 1986) (exclusive remedy for those who fall outside the scope of those with standing to bring judicial claims, and who have claims based on equitable grounds, is to petition the Attorney General for remission or mitigation of forfeiture); *United States v. Battle*, No. 04-20159-CR, 2008 WL 5056875, at *4 (S.D. Fl. Mar. 3, 2008) (unpublished) (petitioners who have no specific interest in property subject to forfeiture "still have the opportunity to seek relief from the Attorney General of the United States.").

[15] ECF No. 46.

[16] ECF No. 57.